IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MATTHEW ALAN LAWRIE, | ) | 1:11-cv-01822-GSA-PC |
| Plaintiff, | ) ) | ORDER DISMISSING CASE FOR FAILURE TO OBEY A COURT ORDER |
| vs. | ) ) | (Doc. 9.) |
| KATHLEEN ALLISON, et al., | ) | ORDER FOR CLERK TO CLOSE CASE |
| Defendants. | ) ) ) | |

Matthew Alan Lawrie ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 1, 2011. (Doc. 1.) On November 1, 2011 and December 6, 2011, Plaintiff filed applications to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Docs. 2, 8.) On November 8, 2011, Plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and no other parties have appeared in this action. (Doc. 7.)

On December 8, 2011, the undersigned issued an Order to Show Cause why Plaintiff's applications to proceed in forma pauperis should not be denied, requiring Plaintiff to respond within thirty days. (Doc. 9.) Plaintiff was forewarned in the Order to Show Cause that his failure to comply with the Order would result in the dismissal of this action. Id. at ¶II.2. The thirty-day period has now expired, and Plaintiff has not filed any response to the Court's Order.

///

1

In determining whether to dismiss this action for failure to comply with the directives set forth in its Order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since November 1, 2011. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by resolving the payment of the filing fee for his lawsuit. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to respond to the Court's Order that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff seeks to proceed in forma pauperis in this action, making it likely that monetary sanctions are of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

///

Accordingly, IT IS HEREBY ORDERED that:

1. This action is DISMISSED, without prejudice, based on Plaintiff's failure to obey the Court's Order of December 18, 2011; and

2. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **January 26, 2012**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE