# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ALAN LAWRIE, | 1:11-cv-01822-GSA-PC |
| Plaintiff, | |
| vs. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, WITH PREJUDICE |
| KATHLEEN ALLISON, et al., | (Doc. 12.) |
| Defendants. | |

**I.     BACKGROUND**

Matthew Alan Lawrie ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 1, 2011. (Doc. 1.) On November 8, 2011, Plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and no other parties have appeared in this action. (Doc. 7.)

On January 26, 2012, the Court dismissed this action, without prejudice, based on Plaintiff's failure to obey a court order. (Doc. 10.)   On April 16, 2012, Plaintiff filed a motion for reconsideration of the order dismissing this action. (Doc. 12.)

**II.     MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. <u>Harvest v. Castro</u>, 531 F.3d

737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff requests that this case be reopened, for the purpose of awarding injunctive relief via an order requiring Plaintiff to be transported to court for all court hearings. Plaintiff provides no evidence that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on April 16, 2012, is DENIED, with prejudice; and
2. No further motions for reconsideration, clarification, or modification of the dismissal of this action shall be entertained.

IT IS SO ORDERED.

Dated:   April 17, 2012             /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE